UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACKIE LYNN BARNES,

     Plaintiff,

v.                                                                CASE No. 8:19-cv-752-T-TGW

ANDREW M. SAUL,
Commissioner of Social Security,

     Defendant.

_____

ORDER

     The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[1]   Because the plaintiff failed to carry his burden of showing that he could not perform any of the representative jobs upon which the law judge relied in finding the plaintiff not disabled, the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error. Accordingly, the decision will be affirmed.

_____

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 18).

I.

The plaintiff, who was 55 years old at the time of the most recent administrative hearing and who has the equivalent of a high school education, has past relevant work as a tractor trailer truck driver and delivery truck driver, heavy (Tr. 97, 492).   He filed a claim for supplemental security income payments, alleging that he became disabled due to heart surgery, heart implant and high blood pressure (Tr. 491).   The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before a law judge.   The law judge found that the plaintiff had severe impairments of "hypertension; severe aortic stenosis, status post heart valve replacement in 2015; diabetes with peripheral neuropathy; right shoulder impingement syndrome; status post rotator cuff repair in 2017; and bilateral carpal tunnel syndrome, status post carpal tunnel release surgeries in 2016" (Tr. 91).   The law judge determined that, despite these impairments, the plaintiff has the residual functional capacity (Tr. 93)

> to perform light work as defined in 20 CFR
> 416.967(b) except: the claimant is limited to no
> climbing of ladders, ropes and scaffolds; frequent
> climbing of ramps and stairs; frequent balancing,
> crawling, crouching, kneeling, and stooping;
> frequent fingering, defined as fine manipulation of

items no smaller than the size of a paperclip; frequent handling, defined as a gross manipulation; and can tolerate concentrated exposure to extreme temperatures, humidity, vibrations, and hazards.

The law judge decided that, with these limitations, the plaintiff was unable to perform any past relevant work (Tr. 97). However, based upon the testimony of a vocational expert, the law judge found that the plaintiff acquired work skills from his past relevant work that are transferrable to jobs that exist in significant numbers in the national economy which the plaintiff could perform, such as car rental delivery, Dictionary of Occupational Titles (DOT) 919.663-010; lot attendant, DOT 915.583-010; and freight/cargo checker, DOT 222.367-010 (Tr. 98, see Tr. 351–52). The law judge therefore ruled that the plaintiff was not disabled (Tr. 99). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less

than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental

impairment," under the terms of the Act, is one "that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." 42

U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not

disabled must be upheld if it is supported by substantial evidence. 42

U.S.C. 405(g). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated

Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial

evidence test, "findings of fact made by administrative agencies ... may be

reversed ... only when the record compels a reversal; the mere fact that the

record may support a contrary conclusion is not enough to justify a reversal

of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027

(11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the

courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly,

it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff's sole argument is titled "The Administrative Law Judge Decision was in Error in Relying on a Response by Vocational Expert to an Incomplete Hypothetical" (Doc. 28, p. 6). The plaintiff argues that the pertinent hypothetical question was incomplete because it failed to include limitations against concentrated exposure to several environmental conditions (id., p. 7).

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."   Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002).   In this case, the pertinent hypothetical question matched the law judge's residual functional capacity determination (compare Tr. 93 with Tr. 350, 352).   Consequently, if the law judge erred, it was not due to an incomplete hypothetical question but because the plaintiff's residual functional capacity did not include all of his limitations.

The plaintiff argues that the law judge failed to include a limitation to "avoid concentrated exposure" to extreme cold, extreme heat, humidity and vibration, as opined by reviewing non-examining physician Dr. Thomas Renny (Doc. 28, p. 7; see Tr. 380–81).[2]   The plaintiff contends this is error because "[i]n the decision, the Administrative Law Judge did not explain why or if he rejected the opinion of ... [Dr. Renny] regarding the environmental limitations" (Doc. 28, p. 7).

---

[2]Although "concentrated exposure" is not defined in the DOT, it is "the least restrictive limitation, with the next option being no restriction." Bernier v. Saul, 3:18-cv-1633, 2019 WL 5296846 (D. Conn).

The law judge gave Dr. Renny's opinion "significant weight," and stated that it was "consistent with the medical evidence available at the time he offered his opinion" (Tr. 96). However, the law judge implicitly rejected Dr. Renny's opined environmental limitations, as he found that the plaintiff "<u>can</u> tolerate concentrated exposure to extreme temperatures, humidity, vibrations and hazards," and the law judge included in the pertinent hypothetical question "no more than a concentrated exposure" to those environmental conditions (Tr. 93, 350) (emphasis added).

The Commissioner acknowledges that "the ALJ did not explain why he found Plaintiff had greater functioning in this area," but argues that the law judge did not err because the law judge considered all of the evidence, and he is not required to "specifically refer to every piece of evidence in the decision" (Doc. 30, pp. 5, 6). This argument is unpersuasive because the law judge "must state with particularity the weight given to different medical opinions and the reasons therefore." <u>Hand</u> v. <u>Social Security Administration Commissioner</u>, 786 Fed. Appx. 220, 224 (11th Cir. 2019), <u>quoting</u> <u>Winschel v. Commissioner of Social Security</u>, 631 F.3d 1176, 1179 (11th Cir. 2011). In other words, the ALJ must set forth

with "at least some measure of clarity the grounds" for the decision.   Id.

There is no express or implicit explanation in this decision for rejecting Dr.

Renny's opined environmental limitations.[3]

On the other hand, the Commissioner meritoriously argues that

the error is harmless (Doc. 30, pp. 6–7).   A law judge's error is harmless

when "it d[oes] not affect the administrative law judge's ultimate

determination." Hunter v. Commissioner of Social Security, 609 Fed. Appx.

555, 558 (11th Cir. 2015); see also Diorio v. Heckler, 721 F.2d 726, 728 (11th

Cir. 1983).   "[W]hen an incorrect application of the regulations results in

harmless error because the correct application would not contradict the

ALJ's ultimate findings, the ALJ's decision will stand."   Miller v.

Barnhart, 182 Fed. Appx. 959, 964 (11th Cir. 2006).

As pertinent here, if a law judge errs in omitting a functional

limitation from the residual functional capacity, "th[e] omission [i]s

harmless" if "it would not have altered the testimony of the vocational

---

[3]The cases by the Commissioner (Doc. 30, pp. 5–6) are inapposite.   Those cases either include rationales for discounting the medical opinions, or present issues ("function by function" analysis or "all or nothing" acceptance of medical opinions) that are not in dispute here.

expert." Williams v. Barnhart, 140 Fed. Appx. 932, 936 (11th Cir. 2005); see

also Jones v. Commissioner of Social Security, 492 Fed. Appx. 70, 73 (11th

Cir. 2012); Caldwell v. Barnhart, 261 Fed. Appx. 188, 190 (11th Cir. 2008).

"[T]he burden of showing that an error is harmful normally falls upon the

party attacking the agency's determination." Shinseki v. Sanders, 556 U.S.

396, 409 (2009).

> In this regard, the defendant asserts that the

> [p]laintiff's own evidence demonstrates that,
> although they may involve some exposure to
> weather, none of the representative jobs identified
> by the VE—car rental deliverer, lot attendant, and
> freight/cargo checker—require concentrated
> exposure to temperature extremes (hot or cold),
> humidity, or vibration.

(Doc. 30, p. 6) (emphasis in original).   Consequently, the Commissioner

argues, the purported failure to include those environmental limitations in

the pertinent hypothetical question is a harmless error.   See Williams v.

Barnhart, supra, 140 Fed. Appx. at 936.

The Commissioner is correct.   The Dictionary of

Occupational Titles (DOT) describes the pertinent environmental conditions

for Lot Attendant and Cargo/Freight Checker as follows:

| | |
|---|---|
| Extreme Cold: | Not present |
| Extreme Heat: | Not present |
| Wet and/or Humid: | Not present |
| Vibration: | Not present |

DOT 915.583-010, 1991 WL 687867; DOT 222.367-010, 1991 WL 672077.

The occupation of car deliverer has the same environmental conditions, except for occasional wetness and/or humidity.   DOT 919.663-010, 1991 WL 687883.   Therefore, none of the representative jobs expose the plaintiff to the environmental conditions that Dr. Renny opines the plaintiff should avoid.  See Williams v. Barnhart, supra, 140 Fed. Appx. at 936.

The case of Caldwell v. Barnhart, supra, 261 Fed. Appx. 188, is precisely on point.   In Caldwell, a physician recommended that the plaintiff only occasionally work around machinery and other environmental conditions.   Id. at 190.   The Eleventh Circuit found that the law judge's failure to explain the weight given to this opinion was

> harmless error because the application of [the physician's] limitations would not have changed the result.   Based on the VE's testimony, the ALJ found that [the plaintiff] had the residual functional capacity to perform jobs existing in

significant numbers in the national economy. The job of production assembler, as normally performed in the national economy, requires no exposure to moving parts, humidity, atmospheric conditions ... or "other environmental conditions." Department of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, 706.687–010 (1993). Thus, because the limitations that Dr. Bell highlighted would not affect Caldwell's ability to perform one of the jobs that, according to the VE, is appropriate for Caldwell and exists in significant numbers in the national economy, the ALJ's failure to discuss the weight she gave to Dr. Bell's findings was harmless.

Id.

Furthermore, the plaintiff has not made a meaningful attempt to show that a limitation against concentrated exposure to those environmental conditions would have changed the testimony of the vocational expert.   See Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000) (Once the expert identifies jobs that the plaintiff can perform, the burden switches to the plaintiff to prove that he was unable to perform those jobs.).

Rather, the plaintiff argues that

> the vocational expert may have opined that the
> Plaintiff could [not] perform the jobs enumerated
> in the decision [because] ... [t]wo of the jobs
> involve frequent exposure to weather .... [For
> [t]he other job [of] cargo checker ... there is a
> possibility that the vocational expert may have
> opined that the exposure was concentrated, or
> more frequent than indicated by the Selected
> Characteristics of Occupations .... [because the
> duties of a cargo checker] suggest[] ... at times ...
> being exposed to either very cold weather or very
> hot weather.

(Doc. 28, p. 8). In sum, the plaintiff argues that, if a limitation against

concentrated exposure were included in the hypothetical question, a

vocational expert may give testimony that is <u>inconsistent</u> with the DOT, and

the law judge may accept it. This unpersuasive speculation does not

establish harmful error. <u>See</u> <u>Williams</u> v. <u>Barnhart</u>, <u>supra</u>, 140 Fed. Appx.

at 937 (The plaintiff "failed to offer any evidence that he could not perform"

any of the representative jobs identified by the law judge and "[t]his failure

prohibits [the plaintiff] from establishing his burden of his inability to

perform the identified jobs.").

Notably, although the plaintiff was represented at the hearing

by an attorney who cross-examined the expert (<u>see</u> Tr. 353–340), his

attorney did not ask whether the plaintiff would be unable to perform any of those jobs due to environmental conditions.   If plaintiff's counsel had any doubt whether these jobs exposed the plaintiff to environmental conditions opined by Dr. Renny, she could have simply asked the vocational expert. See, e.g., Denomme v. Commissioner of Social Security Administration, 518 Fed. Appx. 875, 879 (11th Cir. 2013) (The plaintiff was unable to show the law judge committed reversible error when her representative failed to ask the vocational expert whether the opined limitation would compromise her ability to perform the representative jobs identified by the law judge.).

Therefore, the plaintiff failed to carry his burden of showing that the environmental limitations opined by Dr. Renny prevent him from performing the representative jobs identified by the vocational expert and relied upon by the law judge in finding the plaintiff not disabled.   See id.; Jones v. Apfel, supra, 190 F.3d at 1228.   Accordingly, for this reason also the law judge's error is harmless.

Consequently, any error by the law judge in failing to explain why he discounted the environmental limitations opined by Dr. Renny, a non-examining reviewing physician, was harmless.   In the first place, the

DOT states that the environmental conditions that purport to require the environmental limitations are not present in the three jobs identified by the vocational expert that the law judge found the plaintiff could perform. Moreover, the plaintiff's counsel's cross-examination of the expert did not touch on environmental conditions so that the plaintiff failed to carry his burden to show that he could not perform all of the three jobs identified by the expert.

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner is hereby **AFFIRMED**. The Clerk shall enter judgment accordingly and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this _____ day of July, 2020.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE